UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| JOHN GRUBER, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br>vs.<br><br>CREDITORS' PROTECTION SERVICE, INC,<br><br>            Defendant. | Case No.: 12-CV-1243<br><br>**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Hon. Lynn Adelman |

Plaintiff John Gruber, through counsel, submits the following brief in opposition to Defendant Creditors' Protection Service, Inc's. ("CPS's, or Defendant's") motion to dismiss. As set forth below, Defendant's arguments are entirely without merit. Its motion to dismiss should be denied.

## INTRODUCTION

Plaintiff filed a complaint alleging violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). The FDCPA requires a debt collector to provide a consumer with accurate, written notice of the consumer's right to receive verification of the alleged debt, and that only a dispute of the debt in writing will trigger the consumer's verification rights. 15 U.S.C. § 1692g(a)(4). CPS's form debt collection letters omitted the portion of the § 1692g(a)(4) notice that informs the consumer that the verification rights are triggered by a written dispute of the debt. Compl. Ex. A. Instead, CPS's letter tells the consumer to ask for verification. *Id.* Plaintiff alleges that CPS's omission of the "dispute" language from the § 1692g(a)(4) notice is confusing and misleading to the unsophisticated consumer, and that omission is a material misstatement of the consumer's rights. Compl. at ¶¶ 16-24.

1

CPS filed a motion to dismiss, alleging that its § 1692g(a)(4) notice complies with the FDCPA. (*See* CPS's Brief in Support of Motion to Dismiss ("Def.'s Br."). CPS's arguments are wholly without merit and should be denied. Whether language a debt collection letter violates the FDCPA is a question of fact in the Seventh Circuit. Once Plaintiff plead that language in the letter is confusing on grounds that it omits a key element of the statute – that the consumer must *dispute* the debt to obtain verification – Plaintiff has stated a claim. Plaintiff is entitled to present extrinsic evidence that the language would confuse the unsophisticated consumer. As the complaint raises a question of fact, the counts relating to the § 1692g(a) notice cannot be dismissed. For these reasons, the motion to dismiss should be denied.

## FACTUAL BACKGROUND

Plaintiff John Gruber is an individual who resides in the Eastern District of Wisconsin (Milwaukee County). (Complaint ("Compl.") at ¶ 3.) Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him, debts incurred for personal, family or household purposes. (Compl. at ¶¶ 4, 8.) Defendant CPS is a debt collector who mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "INNOVATIVE PAIN CARE LLC".[1] (Compl. at ¶¶ 8-12, Ex. A). CPS's letter contains the following text:

> UNLESS YOU NOTIFY THIS OFFICE IN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID.
> IF YOU NOTIFY THIS OFFICE IN WRITING IN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION.

---

[1] While not explicitly stated in the complaint, there can be no reasonable dispute that Innovative Pain Care LLC is a medical service provider.

*Id.* Plaintiff alleges that the above notice in CPS's debt collection letters is inconsistent with the FDCPA, 15 U.S.C. § 1692g(a)(4), which reads:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period *that the debt, or any portion thereof, is disputed*, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

(emphasis added).

## ARGUMENT

### I. LEGAL STANDARDS

#### A. Standard On A Motion To Dismiss

A claim for relief must be supported by "a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *see also Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009). A court must "accept as true all well-pleaded facts alleged, drawing all possible inferences in the plaintiff's favor." *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but must only exhibit "facial plausibility" by "plead[ing] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Plaintiffs are not required to prove their case at

3

the pleading stage. *Brooks*, 578 F.3d at 580-81; *In re: Text Messaging Antitrust Litig.*, 630 F. 3d 622, 629 (7th Cir. 2010).

      **B.**      **FDCPA Standards**

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors," whether or not there is a valid debt. 15 U.S.C. § 1692(e); *Mace v. Van Ru Credit Corp.,* 109 F.3d 338 (7th Cir. 1997). The FDCPA broadly prohibits unfair or unconscionable collection methods; and any false, deceptive or misleading statements in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§ 1692e, 1692f and 1692g.

Whether a debt collector's conduct violates the FDCPA is judged from the standpoint of a hypothetical "unsophisticated consumer." *Avila v. Rubin,* 84 F.3d 222, 227 (7th Cir. 1996); *Gammon v. GC Services, LP,* 27 F.3d 1254, 1257 (7th Cir. 1994). The standard is objective— whether the plaintiff or any class members were misled is not an element of a cause of action. *Bartlett v. Heibl,* 128 F.3d 497, 499 (7th Cir. 1997); *Beattie v. D.M. Collections Inc.,* 754 F. Supp. 383, 392 (D. Del. 1991). Plaintiffs need not prove intent, bad faith or negligence in an FDCPA case. The FDCPA is a strict liability statute. *Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004); *Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 495 (7th Cir. 2007).

**II.**      **PLAINTIFF IS ENTITLED TO PRESENT EXTRINSIC EVIDENCE THAT THE LANGUAGE IN CPS'S LETTER IS CONFUSING AND/OR MISLEADING TO THE UNSOPHISTICATED CONSUMER.**

Plaintiff's claim that CPS's attempt to comply with 15 U.S.C. § 1692g(a)(4) is confusing and misleading, clearly states a claim. CPS's letter omits a key phrase in the notice language,

4

specifically, that a written dispute of the debt triggers the consumer's verification rights.[2] That omission changes the meaning of the notice in a way that can easily lead the unsophisticated consumer to fail to exercise his or her verification rights. The Seventh Circuit treats claims that a debt collection letter is confusing as a question of fact, and *encourages* Plaintiffs to submit consumer survey evidence to support their claims. Plaintiff intends to submit survey evidence to support her allegations at the appropriate time during the discovery process. The standard for finding that a debt collection letter complies with the FDCPA as a matter of law at the pleading stage is an extremely heavy burden for a defendant to meet. Only when it is absolutely obvious that language is not confusing to anyone, can a confusion claim be dismissed at the pleading stage. CPS cannot meet that burden.

> **A. CPS's notice language is confusing to the unsophisticated consumer, and the misstatement is material as it leads consumers to fail to exercise their rights.**

The FDCPA requires a debt collector to provide a consumer with accurate, written notice of the consumer's right to receive verification of the alleged debt, and that only a *dispute of the debt* in writing will trigger the consumer's verification rights. 15 U.S.C. § 1692g(a)(4). CPS's debt collection letter omitted the portion of the § 1692g(a)(4) notice that informs the consumer that the verification rights are triggered by a dispute of the debt. Instead, CPS's letter tells the consumer to request verification. CPS's language does not comply with the statute because it omits a statement that a *dispute* of a debt invokes the consumer's rights to receive verification:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

---

[2] The statute does not require verbatim recitation, but non-conforming language that increases consumer confusion, violates the FDCPA.

5

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period *that the debt, or any portion thereof, is disputed*, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

(emphasis added). Indeed, the plain language of 15 U.S.C. § 1692g(b) makes clear that the verification requirement is invoked only in the event of a dispute:

(b) **Disputed debts**

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. … Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

A request for verification of a debt is not the same as disputing the debt. In plain English, the verb "dispute" is defined as "make the subject of disputation; to call into question." "Dispute." *Merriam-Webster.com*. 2013. http://www.merriam-webster.com (Feb. 6, 2013); *see Brady v. Credit Recovery Co.*, 160 F.3d 64, 66-67 (1st Cir. Mass. 1998) (using dictionary definition of "dispute" in an FDCPA decision). If a consumer writes to a debt collector, specifically requesting verification of the debt but not clearly disputing it, the Defendant would have a defense to an action brought for ignoring the requirements of 15 U.S.C. § 1692g(a)(4) on grounds that the consumer never "disputed" the debt.[3] Because CPS's letters alter the statutory language in a way that changes the meaning of the notice, the language violates the FDCPA.

---

[3] As added proof that dispute and verification rights are distinct, it is also true that a consumer who timely writes to a debt collector, "I dispute this debt," is entitled to verification and temporary cessation of collection activities regardless of whether the consumer knows about, or specifically desires verification. 15 U.S.C. § 1692g(b).

6

CPS's arguments that its notice language follows the statutory language, and that the word "notify" carries over from the previous section are meritless. Many similar, "small but meaningful" alterations to required notice language violate the FDCPA. For example, in *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 778 (9th Cir. 1982), the Ninth Circuit held that a debt collector violated the FDCPA by not stating in the validation notice that "any portion" of a debt could be disputed. In addition, a number of courts have held that the addition of the words "in writing" where it does not exist in the statute, violates § 1692g(a)(3),[4] even if such a requirement could be beneficial or implied. *Camacho v. Bridgeport Fin., Inc.*, 430 F.3d 1078, 1081-82 (9th Cir. 2005); *Brady*, 160 F.3d at 66-67; *Spearman v. Tom Wood Pontiac-GMC, Inc.*, 00-CV-1340-C-T/K, 2002 WL 31854892 at *8 (S.D. Ind., Nov. 4, 2002); *Walters v. PDI Management* Services, 02-CV-1100-JDT-TAB, 2004 WL 1622217 at *4-5 (S.D. Ind., April 6, 2004), *modified by Walters v. PDI Management Services*, 2004 WL 2137513 (S.D. Ind., Jun 14, 2004); *Beattie v. Capital One F.S.B.*, No. 05-cv-310-CNC, slip op. at 6-7 (E.D. Wis. Nov. 8, 2005); *contra Graziano v. Harrison*, 950 F.2d 107 (3d. Cir. 1991). These cases hold that the addition of a non-existent writing requirement violates the FDCPA because "dispute" rights and "verification" rights are distinct. In *Camacho*, the Ninth Circuit identified benefits to the consumer for oral disputes, which do not invoke the verification process:

> Oral dispute of a debt precludes the debt collector from communicating the debtor's credit information to others without including the fact that the debt is in dispute. Additionally, if a consumer owes multiple debts and makes a payment, the debt collector is prohibited from applying such payment to a debt which is in dispute. Moreover, a debtor's oral notification to a debt collector entitles a debtor to relief under § 1692c(a)(1), which bars communication with a debtor at "a time or place known or which should be known to be inconvenient to the consumer."

---

[4] 15 U.S.C. § 1692g(a)(3) requires: "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector". Nothing in § 1692g(a)(3) requires disputes to be communicated in writing. *Camacho*, 430 F.3d at 1081

7

*Camacho*, 430 F.3d at 1082 (internal citations omitted).

Likewise, courts repeatedly hold that notices missing important language such that, if followed the consumer would avoid triggering 15 U.S.C. § 1692g(a)(4), violate the FDCPA. *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 743 (N.D. Ill. 2003). In *McCabe*, the debt collector altered the § 1692g(a)(4) notice by omitting the statement that the dispute must be made in writing in order to invoke the verification process. *Id.* at 738.[5] The Court held that the debt collector's language violated the FDCPA, rejecting the debt collector's argument that it honored oral disputes. *Id.* ("However, Crawford misses the point of the protection found in § 1692g(a)(4). Although a debt collector *may* provide verification upon *oral* notification, the debt collector *must* provide verification upon *written* notification. If the debtor gives only *oral* notification of the dispute, the FDCPA imposes no requirement on the debt collector to obtain verification of the debt.").[6] *McCabe* is particularly relevant to this case, as it both demonstrates how very subtle changes to notice language in collection letters can fool consumers into not exercising their rights, and it rejects CPS's voluntary compliance argument. *Id.*; Def.'s Br. at 7.

The difference between disputes and verification is also why the word "notify" in CPS's notice language does not "carry over" from § 1693g(a)(3) to § 1692g(a)(4). To the unsophisticated consumer, a notice stating that the consumer must request in writing that a debt

---

[5] "Unless we hear from you within thirty (30) days after the receipt of this letter disputing this claim, Federal Law provides that this debt will be assumed to be valid and owing. In the event you contact us and dispute the charges owed, we will promptly furnish you with any and all documentation to substantiate the claim."

[6] Several other decisions follow the same reasoning and reach the same conclusion as *McCabe*. *Bicking v. Law Offices of Rubenstein & Cogan*, 783 F. Supp. 2d 841, 845 (E.D. Va. 2011) (same); *Welker v. Law Office of Daniel J. Horwitz*, 699 F. Supp. 2d 1164, 1170 (S.D. Cal. 2010) (same); *Beasley v. Sessoms & Rogers, P.A.*, No. 5:09-CV-43-D, 2010 U.S. Dist. LEXIS 52010, at *18-19 (E.D.N.C. Mar. 1, 2010) (same); *Nero v. Law Office of Sam Streeter, P.L.L.C.*, 655 F. Supp. 2d 200, 206 (E.D.N.Y. 2009) (same); *Chan v. N. Am. Collectors, Inc.*, No. C 06-0016 JL, 2006 U.S. Dist. LEXIS 13353, at *16 (N.D. Cal. Mar. 24, 2006) (same); *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 217 F. Supp. 2d 336, 340 (E.D.N.Y. 2002) (reaching the same conclusion with respect to subsections (a)(4) and (5)).

collector *verify* the debt with the creditor does not necessarily mean that the debt is *disputed*. Regardless of whether a debt is disputed, a consumer may desire to obtain verification of a debt for any number of reasons, including for the consumer to determine whether or not the debt actually is disputed, or to see how much the consumer owes if the debt generally is not disputed, or merely to buy time to pay. However, a letter from a consumer asking merely for verification would not trigger the protections of 15 U.S.C. §§ 1692g(a)(4) and 1692g(b), as the debt collector could reasonably argue that it has not received a written "dispute" of the debt. The § 1692g(a)(3) and § 1692g(a)(4) notices are different and both require the consumer to dispute the debt to gain the FDCPA's protections. CPS's letter encourages consumers to leave out the dispute, in express violation of § 1692g(a)(4).

Just like in *McCabe*, CPS's language sets a trap for the unsophisticated consumer – following the notice as written would not invoke the protections of the FDCPA, leaving the consumer at the whim of the debt collector's decision to voluntarily comply. 272 F. Supp. 2d at 743. Since the FDCPA does not excuse material errors in the notice language, the motion to dismiss should be denied.

> **B.     A complaint that alleges a debt collection letter to be confusing states a claim unless it is patently obvious that the language complies with the statute.**

Plaintiff's claim that CPS's § 1692g(a)(4) notice does not comply with the FDCPA is not the type of claim that can be dismissed at the pleading stage. Unlike other Circuits, which treat the question of whether a collection letter is confusing as a question of law, the Seventh Circuit views the confusing nature of a dunning letter as a question of fact, that if well-pleaded, avoids dismissal on a Rule 12(b)(6) motion. *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 776 (7th Cir. 2007) ("Other circuits, perhaps less kindly disposed to survey evidence than we,

9

treat the deceptive character of a debt collector's communication as a question of law, so that if the communication is not deceptive on its face, the plaintiff is forbidden to try to show that it would be likely to deceive a substantial number of its intended recipients. We disagree with that position."); see also *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) ("We have cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because district judges are not good proxies for the unsophisticated consumer whose interest the statute protects.").

Generally, all a plaintiff must do to survive a motion to dismiss a complaint alleging an FDCPA violation is to allege that the debt collector's letter is confusing. *Walker v. Nat'l. Recovery, Inc.*, 200 F.3d 500, 501 (7th Cir. 1999) ("How a particular notice affects its audience is a question of fact, which may be explored by testimony and devices such as consumer surveys."); *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1059 (7th Cir. 1999) ("A contention that a debt-collection notice is confusing is a recognized legal claim; no more is needed to survive a motion under Rule 12(b)(6)."); *see also Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326-27 (7th Cir. 2000) ("a FDCPA complaint states a legal claim, and therefore a FDCPA complaint survives a motion to dismiss under Rule 12(b)(6) simply by alleging that a dunning letter was confusing…[such a complaint is] legally sufficient [if] 'it [is] possible to imagine evidence consistent with the allegations of the complaint that would establish confusion.'" (quoting *Walker*, 200 F.3d at 503) ); *Bennett v. Schmidt*, 153 F.3d 516 (7th Cir. 1998).

The only exceptions to the rule are specified in *Evory*:

A plaintiff might rest on the text of the communication, and have no other evidence to offer, and then if there was nothing deceptive-seeming about the communication the court would have to dismiss the case. *Taylor v. Cavalry*

> *Investment, L.L.C., supra*, 365 F.3d at 574-75 ("if it is apparent from a reading of the letter that not even 'a significant fraction of the population' would be misled by it. . ., the court should reject it without requiring evidence beyond the letter itself"); *McMillan v. Collection Professionals, Inc., supra*, 455 F.3d at 760 ("undoubtedly, there will be occasions when a district court will be required to hold that no reasonable person, however unsophisticated, could construe the wording of the communication in a manner that will violate the statutory provision"). Or the defendant might have used clear statutory language, as in *Jang v. A.M. Miller & Associates,* 122 F.3d 480, 483-84 (7th Cir. 1997), or our safe-harbor language. There might also be a case in which a false or deceptive statement clearly was immaterial, as in *Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 738-40 (7th Cir. 2004); see also *Pettit v. Retrieval Masters Creditors Bureau, Inc., supra*, 211 F.3d at 1060-62, or was clarified elsewhere, as in *McStay v. I.C. System, Inc.*, 308 F.3d 188, 191 (2d Cir. 2002), or in which a statement claimed to be false was obviously true, as in *Taylor v. Cavalry Investment, L.L.C., supra*, 365 F.3d at 575-76.

*Evory*, 505 F.3d at 776-77.

As previously stated, Plaintiff does not intend to stand upon the face of the letter. He will submit extrinsic evidence that CPS's language is confusing to the unsophisticated consumer. CPS cannot claim that it used either the statutory language or the safe harbor language the Seventh Circuit provided in *Bartlett v. Heibl*, 128 F.3d 497, 501-502 (7th Cir. 1997),[7] because it omits the statement that verification rights are triggered by a dispute. The misstatement was not immaterial, as the Plaintiff has described how the omission leads the unsophisticated consumer to fail to invoke his or her rights. *Supra*, at 9-12.

Finally, CPS only cites two cases within the Seventh Circuit in support of its contention that its language complies with § 1692g. *Olson v. Risk Mgmt. Alternatives, Inc.*, 366 F.3d 509, 512 (7th Cir. 2004); *Keen v. Omnibus Int'l.*, 1998 U.S. Dist. LEXIS 12619, 1998 WL 485682

---

[7] "Federal law gives you thirty days after you receive this letter to dispute the validity of the debt or any part of it. If you don't dispute it within that period, I'll assume that it's valid. *If you do dispute it*--by notifying me in writing to that effect--I will, as required by the law, obtain and mail to you proof of the debt. And if, within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor ([creditor's name]), I will furnish you with that information too." (emphasis added).

11

(N.D. Ill. Aug. 7, 1998). *Olsen* and *Keen* are both inapposite because the issue in this action is not the same issue as the ones litigated in *Olson* or *Keen*. *Olson*, 366 F.3d at 512; *Keen*, 1998 U.S. Dist. LEXIS 12619 at *7. The issue in *Olson* was whether the phrase "Now Due" in the body of the letter overshadowed the validation notice. 366 F.3d at 512. Likewise, the issue in *Keen* was whether a request, also in the body of the letter, that the consumer respond to the debt collector "immediately," contradicts the validation notice. 1998 U.S. Dist. LEXIS 12619 at *7. The "undisputed" language in *Olson* merely establishes that the parties were not contesting the same issue as in this action. *Olson*, 366 F.3d at 512; *see also Keen*, 1998 U.S. Dist. LEXIS 12619 at *7. Further, in neither case did the Court address the alteration of the notice language itself. *Id.* Thus, *Keen* and *Olson* have no persuasive weight because no one was contesting the issue raised in this action. *Id.*

All the other cases CPS cites on this issue are from outside the Seventh Circuit, where the question in this case would be a question of law and extrinsic evidence prohibited.[8] *Evory*, 505 F.3d at 776.[9] Because Plaintiff has stated an FDCPA claim that CPS's language is confusing to the unsophisticated consumer, and the language in CPS's letters omits a material statutory concept, Plaintiff is entitled to submit extrinsic evidence of consumer confusion after discovery. For the reasons stated above, the motion to dismiss should be denied.

---

[8] CA's citations from outside the Seventh Circuit also do not address the same issue as this action. *Parker v. CMRE Fin. Servs. Inc.*, 2007 WL 3276322 *3 (S.D. Cal. Nov. 5, 2007) (omission of "any portion thereof"); *Sebrow v. NCO Fin. Sys.*, 2009 U.S. Dist. LEXIS 76582 at *7, 2009 WL 2707341 (E.D.N.Y. Aug. 25, 2009) (whether language is confusing as to the 30 day period); *Moore v. Ingram & Assoc., Inc.*, 805 F. Supp. 7, 8-9 (D.S.C. 1992) (whether "copy of a judgment" language was confusing when no judgment existed).

[9] CA's description of the "least sophisticated consumer" standard as less stringent that the Seventh Circuit's "unsophisticated consumer" standard is incorrect and misleading as well. Both standards are effectively the same. *Avila*, 84 F.3d at 227 ("the unsophisticated consumer standard is a distinction without much of a practical difference in application [from the "least sophisticated consumer standard]").

## **CONCLUSION**

For all the foregoing reasons, Defendant's motion to dismiss should be denied.

Respectfully submitted,

Dated: February 15, 2013

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
David J. Syrios (SBN 1045779)
John D. Blythin (SBN 1046105)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
dsyrios@ademilaw.com
jblythin@ademilaw.com

*Counsel for Plaintiffs and the Proposed Class*