UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JOHN GRUBER, Individually and on Behalf of
All Others Similarly Situated,

        Plaintiff,

vs.

CREDITORS' PROTECTION SERVICES,
INC.,

        Defendant.

Case No.:  12-CV-1243

---

## REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

---

### INTRODUCTION

No reasonable person, no matter how unsophisticated, could find the verification notice contained in the letter sent plaintiff by defendant Creditors' Protection Services, Inc. (CPS). confusing or deceptive.  Therefore, the Court must dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) as a matter of law.

### ARGUMENT

**I.   PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE NO REASONABLE PERSON, NO MATTER HOW UNSOPHISTICATED, COULD FIND CPS'S VERIFICATION NOTICE CONFUSING OR DECEPTIVE.**

CPS's letter clearly provides that the debtor has the right to obtain verification of the debt upon written notice that he disputes the debt if made within 30 days of receiving the notice.  It does not, as plaintiff contends, omit information required by 1692g(a)(4).

Plaintiff wrongfully asserts that the language contained in the CPS letter is misleading because it fails to communicate to the debtor that he must dispute his debt in writing to obtain the

16638036v1 0942788

protections of 1692(b) because it fails to track the language of that statute.  In support of his argument, plaintiff cites three lines of cases considering language that did not track 1692g(a), either by omitting language contained in the statute or by adding language not required by the statute.  None are instructive.

For example, in **Baker v. G.C. Services Corp.**, 677 F.2d 775, 776 (9th Cir. 1982), the court considered whether the following notice violated 1692g(a)(3) by failing to inform the debtor that she could dispute "any portion" of the debt:

> Verification of this debt, a copy of judgment or the name and address of the original creditor, if different from the current creditor, will be provided if requested in writing within 30 days.  Otherwise the debt will be assumed to be valid.

Plaintiff correctly points out that the court determined that the notice was insufficient because it did not provide that the debtor could dispute "a portion" of the debt.  **Id.** at 778.  However, that is not the question before this Court.  The question before this Court is whether CPS's  notice informed plaintiff that he could obtain verification of his debt by disputing the debt in writing.  On that point, the **Baker** court stated that "appellant's notice does contain a statement that verification of the debt will be provided if requested in writing, as required by 15 U.S.C. § 1692g(a)(4).  **Id.**

Notably, the **Baker** court reached this conclusion despite the fact that the letter did not contain the word "dispute."  **Id.**  Instead, the letter stated that verification would be provided "if requested" in writing.  **Id.** at 776. Under **Baker**, directing the debtor to "request" verification, as opposed to directing the debtor to "dispute" the debt, was sufficient to meet the requirements of 1692g(a)(4).  **Id.** at 778.  Here, plaintiff interprets the CPS letter to direct debtors to "request" verification.  So in effect, the **Baker** court found plaintiff's interpretation of the CPS letter's notice to be compliant with the statute.

2

The CPS letter goes much further than the **Baker** letter. For one, it contains the word "dispute." In addition, it directs the debtor to notify it if he disputes the validity of the debt or any portion thereof within 30 days of receipt, and to notify it in writing if he wishes to obtain verification of the debt. For these reasons, **Baker** actually supports a finding that the 1692g(a)(4) notice contained in the CPS letter is valid as a matter of law.

*Camacho v. Bridgeport Financial Inc.*, 430 F.3d 1078 (9th Cir. 2005) and the accompanying string of cases do not hold that "the addition of non-existent writing requirements violates the FDCPA because dispute rights and verification rights are distinct." (Pl's Br. 7.) Rather, these cases held that the plain language of 1692g(a)(3) indicates that the debtor need not dispute the validity of the debt in writing. *Camacho*, 430 F.3d at 1082. *See also Spearman v. Tom Wood Pontiac-GMC, Inc.*, 2002 WL 31854892 * 8 (S.D. Ind. Nov. 4, 2002) ("Section 1692g(a)(3) does not require that a consumer's dispute of the validity of a debt be in writing."); *Walters v. PDI Mgmt. Services*, 2004 WL 1622217 * 5 (S.D. Ind. Apr. 6, 2004) ("Plain language of subsection (a)(3) does not require that the consumer dispute the validity of the debt in writing."); *Beattie v. Capital One F.S.B.*, No. 05-CV-310 (E.D. Wis. Nov. 8, 2005) ("Reading the plain language [of 1692g(a)(3)], there is no requirement that the dispute be in writing. In contrast, consumers are required to notify the debt collector "in writing" under § 1692g(a)(4) to obtain verification of the debt . . . ."). In other words, the courts refused to insert additional language into 1692g(a)(3). CPS is not asking the court to insert additional language into the statute. Therefore, these cases are inapposite.

*McCabe v Crawford & Co.*, 272 F.Supp. 2d 736, 742 (N.D. Ill. 2003) is also inapposite. There, the plaintiff argued that a debt collector violated 1692g(a)(4) by omitting notification that

16638036v1 0942788

the debtor must dispute the debt in writing.[1]  ***Id.***  The court agreed.  ***Id.*** at 743.  However, unlike

***McCabe***, the CPS letter does not omit a statement providing that it will send the debtor

verification of the debt if he disputes the debt in writing. Nor does the letter direct the debtor to

request verification as plaintiff suggests.

The first sentence of the notice provides that CPS will assume the debt is valid "unless

you *notify this office within 30 days after receiving this notice* that you *dispute* the validity of this

debt or any portion thereof."   The second sentence provides that  CPS will provide verification

of the debt or obtain a copy of judgment *if you notify this office in writing within 30 days from*

*receiving this notice*."  Stated another way, the missing phrase, "that you dispute the debt or any

portion thereof" is a subordinate clause introduced by a relative pronoun, "that." The term

"notify" in the second sentence refers to the subordinate clause in the first.   This shorthand

version of the notice is just as correct, and the meaning just as clear, without the subordinate

clause.[2]

Read together, the language of the letter clearly communicates that the debtor has the

right to obtain a verification of the debt upon written notice that he disputes the debt if made

within 30 days of receiving the notice.  No statutorily required language is omitted from the

letter that could confuse the unsophisticated debtor as to his rights.  In fact, no reasonable person,

no matter how unsophisticated, would find the verification notice confusing.   Therefore

plaintiff's claim must be dismissed.

---

[1] The letter stated "In the event you contact us and dispute the charges owed, we will promptly furnish you with any and all documentation to substantiate the claim."  ***McCabe***, 272 F. Supp. 2d at 738.

[2] Indeed the language of the  Act itself utilizes this same  shorthand, in the next sentence of the subdivision to which this  argument relates.  1692g(5) states ["the debt collector shall . . . sent the consumer written notice containing:] (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of  the original creditor, if different from the current creditor."  Upon the consumer's written request for what?  One who reads this sentence can determine that the written request is for the name and address of the original creditor (if different from current creditor).

4

16638036v1 0942788

## II.    THE FDCPA DOES NOT DRAW A DISTINCTION BETWEEN A DISPUTE AND A REQUEST FOR VERIFICATION

Notably, despite citing to a plethora of case law finding violations of the Act where letters omit or add language to the notice requirements set forth in 1692g, plaintiff has failed to cite a case supporting his reading of 1692g, that requesting verification of a debt is not a dispute. The absence of case law on this issue is due to the fact that the Act does not draw a distinction between a request for verification and a dispute.   A consumer who requests verification is essentially saying, "show me that I owe that," or "explain to me how I could owe that much" or "prove it."  All  of  these are seemingly requests for verification, and all of them are disputes. This interpretation benefits the consumer and provides to them the greatest protection under the Act.  Construing the language of the Act to allow a collector to avoid its obligation to provide verification of a debt upon a written request, as plaintiff suggests, would turn the Act on its head by providing a new pathway for collectors to avoid registering disputes, and to avoid being required to provide verification and to suspend collection.

The only distinction in the Act is between an oral dispute and a written dispute.  An oral dispute triggers certain rights, while a written dispute triggers others.  To illustrate, section 1692g(a)(3) provides that a creditor may assume that the debtor's debt is valid unless the creditor disputes the debt.  It does not matter whether the dispute is communicated orally or in writing. Section 1692g(a)(4), on the other hand, provides that the creditor must provide verification of the debt if the creditor disputes the debt in writing.  The letter sent plaintiff by CPS effectively communicates these rights by informing the debtor that CPS will assume the debt is valid if notified of the dispute (orally or in writing), and will provide written verification of the debt if notified in writing.

16638036v1 0942788

**III.  BECAUSE CPS'S LETTER IS CLEAR ON ITS FACE, THE COMPLAINT MUST BE DISMISSED AS A MATTER OF LAW.**

Whether a verification notice is confusing is a question of fact.  However, like any question of fact, dismissal is required under 12(b)(6) where there is no set of facts consistent with the pleadings under which the plaintiff could obtain relief.  *See Macmillan v. Collection Prof'l, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006).  Where, as here, "no reasonable person, however unsophisticated, could construe the language of a verification notice in a manner that violates the statute," the court must dismiss the plaintiff's claim as a matter of law.  *Id.* at 760; *Evory v. RJM Acquisitions Funding, LLC*, 505 F.3d 769, 776-77 (7th Cir. 2007) ("The . . . question presented . . . is whether a claim of deception can ever by rejected in this circuit on the pleadings, since we treat issues of deception as one of fact rather than of law.  The answer is yes.").  If it clear from the language of the letter that not even "a significant fraction of the population would be mislead by it," dismissal is required, *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012) (citing *Taylor v. Cavalry Inv. LLC*, 365 F.3d 572, 574-75 (7th Cir. 2004)), and plaintiff is not entitled to submit extrinsic evidence of confusion such as the results of a consumer survey.  *See Taylor*, 365 F.3d at 575.  This rule applies at both the dismissal and summary judgment stage.  See, e.g., id. (motion for summary judgment); *Zemeckis*, 679 F.3d at 632 (motion to dismiss).

As discussed throughout CPS's briefing, the verification notice clearly informs plaintiff that he has the right to obtain verification of the debt upon written notice that he disputes the debt if made within 30 days of receiving the notice.  Courts from other jurisdictions have held that identical language meets the requirements of the statute as a matter of law.  (See CPS's  Br. at 5.)  Moreover, based on the clear language of the letter, there is no set of facts under which plaintiff

6

could obtain relief. Therefore, there is no need to consider extrinsic evidence concerning confusion. His claims under 1692g(a) must be dismissed accordingly.

## CONCLUSION

No reasonable debtor, no matter how unsophisticated, could be confused by the verification notice contained in CPS's letter. Plaintiff's complaint must be dismissed accordingly.

Dated this 4th day of March 2013.

/s/ Elizabeth A. Odian
David J. Hanus
State Bar No. 1027901
Elizabeth A. Odian
State Bar No. 1084776
HINSHAW & CULBERTSON LLP
100 E. Wisconsin Avenue
Suite 2600
Milwaukee, WI 53202
Phone No.: 414-276-6464
Fax No.: 414-276-9220
E-mail Address(es):
dhanus@hinshawlaw.com
eodian@hinshawlaw.com

7