UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN GRUBER, individually and on behalf
of all others similarly situated,
      Plaintiff,

    v.                                                     Case No. 12-C-1243

CREDITORS' PROTECTION SERVICES,
INC.,
      Defendant.

## DECISION AND ORDER

The Fair Debt Collection Practices Act ("FDCPA") requires a debt collector to send the debtor (the "consumer") a written notice containing certain information about the debt and the consumer's right to have the creditor verify or validate the debt. See 15 U.S.C. § 1692g. The purpose of requiring the debt collector to provide this notice and, if requested, to provide verification of the debt is to enable the consumer to confirm that he or she actually owes the debt and that the debt collector is not mistaken as to the amount owed. See Jacobson v. Healthcare Fin. Servs. Inc., 516 F.3d 85, 89 (2d Cir. 2008); 1 National Consumer Law Ctr., Fair Debt Collection 318 (7th ed. 2011). According to the Senate Report, the Act's validation requirements were a response to "the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S. Rep. No. 95-382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

In the present case, the debt collection agency, Creditors' Protection Service, Inc. ("CPS"), made efforts to collect a $210 debt from John Gruber. In a letter to Gruber, CPS

attempted to provide him with the notices required by § 1692g(a). The relevant portion of CPS's attempt to comply with § 1692g(a), which consists of three sentences, is reproduced below:

> UNLESS YOU NOTIFY THIS OFFICE IN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID.
> IF YOU NOTIFY THIS OFFICE IN WRITING IN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

The first sentence is an attempt to comply with § 1692g(a)(3), which requires the debt collector to include "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." The second sentence is an attempt to comply with § 1692g(a)(4), which requires the debt collector to include "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." The third sentence is an attempt to comply with § 1692g(a)(5), which requires the debt collector to include "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

After receiving CPS's letter, Gruber commenced this lawsuit on behalf of himself and others who may have received similar letters from CPS, alleging that the letter does not adequately provide the notice required by § 1692g(a)(4), which is the notice that if the consumer notifies the debt collector in writing within thirty days that the debt is disputed, the collector will obtain verification of the debt and mail the same to the consumer. Gruber alleges that the letter does not adequately provide this notice because, in the second sentence of the excerpt from the letter, above, CPS omitted the phrase "that the debt, or any portion thereof, is disputed."

To comply with § 1692g(a), a debt collector does not have to reproduce the statutory notices verbatim. However, the debt collector must convey the notices in a manner that enables an unsophisticated consumer to comprehend them and understand what his or her rights and options are. See Bartlett v. Heibl, 128 F.3d 497, 500 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996). In the present case, Gruber contends that the omission of the phrase "that the debt, or any portion thereof, is disputed," from the second sentence in the excerpt reproduced above created an unacceptable risk of an unsophisticated consumer's failing to understand how to go about exercising his right to have the debt collector verify the debt. He contends that an unsophisticated consumer, upon reading CPS's letter, might have thought that he could trigger CPS's obligation to verify the debt by merely "requesting" that CPS verify the debt. Gruber further contends that if the consumer made such a request and did not also say that the debt was "disputed," CPS could have refused to verify the debt without violating § 1692g. Thus, argues Gruber, omitting the phrase "that the debt, or any portion thereof, is disputed" from

3

the second sentence created a risk that an unsophisticated consumer who wanted to exercise his right to verification would fail to properly exercise that right.

CPS has moved to dismiss Gruber's complaint for failure to state a claim upon which relief can be granted, see Fed. R. Civ. P. 12(b)(6), and for purposes of deciding that motion I will assume that Gruber's interpretation of CPS's notice is correct. That is, I will assume that a substantial number of unsophisticated consumers would have thought that they could request verification without also informing CPS that the debt was disputed. The problem for Gruber is that CPS's notice must be deemed effective even if unsophisticated consumers might have thought that requesting verification was sufficient to trigger CPS's verification obligations. That is because, under the FDCPA, requesting verification is sufficient to trigger a debt collector's verification obligations. "Dispute" is a term of art in FDCPA parlance that means a request to verify the existence of a debt. DeKoven v. Plaza Assocs., 599 F.3d 578, 582 (7th Cir. 2010). Although an unsophisticated consumer might not know that "I dispute the debt" and "I request that you verify the existence of the debt" are synonymous in the FDCPA context, certainly a debt collector would be charged with such knowledge and would understand that a request to verify a debt triggers the debt collector's obligations under § 1692g(b). Moreover, unsophisticated consumers cannot be expected to assert their rights in legally precise phrases. Horkey v. J.V.D.B. & Assocs., Inc., 333 F.3d 769, 773 (7th Cir. 2003). Thus, even if there were a literal distinction between disputing a debt and requesting verification of a debt, a debt collector could not ignore its verification obligations anytime a consumer asked for verification but did not also indicate that the debt was "disputed." That would be a form of hairsplitting that the FDCPA does not allow a debt collector to engage in when dealing with unsophisticated consumers.

4

Case 2:12-cv-01243-LA   Filed 05/14/13   Page 4 of 5   Document 14

In sum, even if an unsophisticated consumer would have interpreted CPS's letter as Gruber contends he could have, such a consumer would have been adequately apprised of his rights under the FDCPA. Accordingly, CPS's motion to dismiss is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 14th day of May, 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge